**UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MARYLAND**

| | |
|---|---|
| **WILLIAM JOHNSON,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**WELLS FARGO, N.A.,** )<br>)<br>Defendant. )<br>_____ ) | **Case No.:**<br><br>**Jury Trial Demanded** |

# COMPLAINT

WILLIAM JOHNSON ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against WELLS FARGO, N.A. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 *et seq.* ("TCPA,").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the State of Maryland and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Cockeysville, Maryland 21030.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a corporation with its principal place of business located at 420 Montgomery Street, San Francisco, California 94163.

8. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number.

11. Plaintiff has only used this phone as a cellular telephone.

12. Beginning in or around February or March 2017 and continuing through at least July 2017, Defendant called Plaintiff on his cellular telephone on a repetitive and continuous daily basis, typically multiple times per day.

13. Defendant's phone calls derived from phone numbers including, but not limited to the following: (800) 289-8004. The undersigned has confirmed that this phone number belongs to the Defendant.

14. When contacting Plaintiff on his cellular telephone, Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages.

15. Plaintiff knew Defendant was utilizing an automatic telephone dialing system because the calls would include a discernible delay or pause prior to connecting to one of Defendant's representatives.

16. Defendant's telephone calls were not made for "emergency purposes."

17. Attempting to stop these excessive calls, Plaintiff spoke to Defendant in or about July 2017, informed Defendant that he was unable to answer Defendant's calls while at work, instructed Defendant to instead contact his daughter who was the primary signatory on the auto loan and demanded that Defendant cease calling him.

18. Once Defendant was informed that its calls were unwanted and to stop, there was no lawful purpose to making further calls, nor was there any good faith reason to place calls.

19. Defendant heard and acknowledged Plaintiff's request to stop calling by immediately hanging up.

20. On multiple occasions throughout the month of July 2017, Plaintiff insisted that Defendant stop calling him.

21. In spite of Plaintiff's repeated instruction to stop calling his cellular telephone, Defendant instead continued to call him.

22. These additional calls were frustrating, annoying and disruptive for Plaintiff, particularly while he was bombarded with Defendant's calls while at work.

23. Disgusted and frustrated with Defendant's failure to stop calling his cellular telephone, Plaintiff ultimately downloaded a blocking application as a necessary means to stop Defendant's incessant calls.

24. Upon information and belief, Defendant conducts business in a way that violates the Telephone Consumer Protection Act.

### COUNT I
### DEFENDANT VIOLATED THE
### TELEPHONE CONSUMER PROTECTION ACT

25. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

26. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

27. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

28. Defendant's calls to Plaintiff were not made for emergency purposes.

29. Defendant's calls to Plaintiff after he revoked in July 2017 were not made with Plaintiff's prior express consent.

30. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

31. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

32. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, WILLIAM JOHNSON, respectfully prays for judgment as follows:

    a. All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A);

    b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3)(B);

    c. Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

     d.     Injunctive relief pursuant to 47 U.S.C. §227(b)(3); and

     e.     Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, WILLIAM JOHNSON, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Dated: July 13, 2018

By: */s/ Amy L. Bennecoff Ginsburg*
Amy L. Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Facsimile (215) 540-8817
Email: aginsburg@creditlaw.com
Attorney for Plaintiff